UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CHRISTOPHER DOWLING,

                         Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer TRISTAN VILLAROMAN, Shield No. 29922; Police Officer ALLAN SAMSON; Shield No. 8470; Police Officers JOHN and JANE DOE 1-10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 7236 (ENV) (RER)

Jury Trial Demanded

Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his Complaint:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Christopher Dowling ("plaintiff" or "Mr. Dowling") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Tristan Villaroman, Shield No. 29922, ("Villaroman") was at all times relevant herein an officer, employee and agent acting within the scope of his employment with the NYPD and assigned to PSA 3. Defendant Villaroman is sued in his individual and official capacity.

10. Defendant Police Officer Allan Samson, Shield No. 8470, ("Samson") was at all times relevant herein an officer, employee and agent acting within the scope of his employment with the NYPD and assigned to PSA 3. Defendant Samson is sued in his individual and official capacity.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law.

## NOTICE OF CLAIM

14. On or about November 7, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

16. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## STATEMENT OF FACTS

17. At approximately 6:15 p.m. on August 14, 2013, at and inside of 45 Fleet Walk in Brooklyn, New York, the individual defendants unlawfully arrested and assaulted plaintiff, including using pepper spray, and thereafter jailed and prosecuted him until the charges were dismissed on or about November 1, 2013.

18. The injuries caused by the individual defendants were treated at Woodhull Hospital, including swelling to plaintiff's left hand and wrist and an avulsion fracture to Mr. Dowling's right acromion process.

19. The individual defendants prepared or allowed to be prepared false police reports accusing Mr. Dowling of, among other things, Assault in the Second Degree (P.L. §120.05 [3], a D Felony with one year minimum jail) and Assault in the Third Degree (P.L. §120.00[1], an A Misdemeanor with a punishment of up to one year jail time).

20. Defendant Villaroman thereafter made, and defendant Doe and other Police Department employees allowed Villaroman to make, false statements to the Kings County District Attorney's Office.

21. The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2013KN063617 on various false charges.

22. Mr. Dowling was arraigned and plaintiff, after being jailed approximately thirty hours, was released but was required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charges.

23. On November 1, 2013, the Grand Jury to whom the matter had been presented voted No True Bill and the prosecution was thereafter dismissed and the records associated with the arrest and prosecution sealed.

24. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, use of force, jailing, and prosecution of Mr. Dowling.

25. The individual defendants' acts and omissions caused Mr. Dowling to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

26. The individual defendants' acts and omissions caused Mr. Dowling to suffer great physical pain and lasting physical injuries.

27. The individual defendants, at all times relevant, in arresting, using force on, and imprisoning the plaintiff, and in offering false evidence to the District Attorney, Criminal Court Judges, and Grand Jurors, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM
### Unlawful Stop

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and detained plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

### SECOND CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

36. Plaintiff was conscious of his confinement.

37. Plaintiff did not consent to his confinement.

38. Plaintiff's confinement was not otherwise privileged.

39. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

40. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By the conduct described herein, the individual defendants are liable to plaintiff under 42 U.S.C. ' 1983 for the violation of Mr. Dowling's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. The defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Dowling without probable cause and with actual malice. Plaintiff was required, under threat of issuance of an arrest warrant and of arrest, to appear in Court until the prosecution terminated in Mr. Dowling's favor.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FIFTH CLAIM
### State Law Malicious Prosecution

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

-8-

47. Defendants maliciously commenced criminal proceeding against plaintiff, falsely and without probable cause charging plaintiff with violations of the laws of the State of New York.

48. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

49. All charges were terminated in plaintiff's favor.

50. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## SIXTH CLAIM
**Unreasonable Force**

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SEVENTH CLAIM
### State Law Assault and Battery

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

57. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## EIGHTH CLAIM
### Negligent Hiring, Training and Retention

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

61. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

63. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

67. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

68. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Intentional Infliction of Emotional Distress

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

72. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

73. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   May 1, 2014
         New York, New York

                                   HARVIS WRIGHT & FETT LLP
                                   *Attorneys for plaintiff*
                                   305 Broadway, 14th Floor
                                   New York, New York 10007
                                   (212) 323-6880
                                   bfett@hwandf.com

                                   _____
                                   By: Baree N. Fett